UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID A. BRAY,

        Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

        Defendant.

CASE NO. C17-5648-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

David A. Bray appeals the ALJ's decision finding him not disabled. Dkt. 1. He contends the ALJ erroneously rejected several limitations assessed by examining doctor Anselm Parlatore, M.D., and that the Court should remand the case for further administrative proceedings. Dkt. 10. The Court agrees the ALJ harmfully erred, and **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g)

**DISCUSSION**

Mr. Bray contends the ALJ harmfully erred in failing to account for all limitations assessed by examining doctor Anselm Parlatore, M.D. Dr. Parlatore opined:

> His social interaction and adaptation are markedly affected by his physical symptoms. He cannot perform activities within a schedule or maintain regular attendance or be punctual to a severe degree. He cannot communicate an[d] perform effectively in a work

ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS - 1

> setting nor complete a normal workday or workweek without interruptions from his symptoms to a severe degree and he cannot maintain appropriate behavior in a work setting to a marked degree.

Tr. 540. The ALJ gave these opinions "little weight," Tr. 33, and determined Mr. Bray had no mental or psychological limitations other than being limited to "simple, routine tasks." Tr. 29. The ALJ rejected Dr. Parlatore's opinion Mr. Bray cannot perform activities within a schedule or maintain regular attendance on the grounds "there are no findings in Dr. Parlatore's report to support this assertion," the claimant did not report difficulties with following a schedule, and treatment records show Mr. Bray keeps his many appointments. *Id.*

An ALJ may discount an opinion that is "'conclusory, brief, and unsupported by the record as a whole or by objective medical findings.'" *Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) (quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)). However, even where an opinion is conclusory or brief, an ALJ may not reject that opinion if it is supported by the record and objective medical findings. *Id*. (Although doctor's opinion was in "check-box" form and contained almost no detail or explanation, the ALJ erred in discounting the opinion where the doctor's own treatment notes and the claimant's testimony supported that opinion).

Dr. Parlatore's opinion is conclusory, brief, and unsupported, i.e. he provides no discussion or findings to support his opinions. Although he diagnosed Mr. Bray with reactive situational depression and sleep apnea, noted he had problems ambulating, was short of breath, and his mood was one of worry and sadness and his affect was constrictive, Tr. 539, he provides no explanation connecting these findings to his conclusion that Mr. Bray cannot perform activities within a schedule or maintain regular attendance. The Court cannot say Dr. Parlatore's observations and diagnoses, on their face, establish these limitations without further explanation.

The Court accordingly concludes the ALJ reasonably rejected the opinion as conclusory and unsupported by any findings.

In addition, the Court cannot rely upon other portions of the record to sustain Dr. Parlatore's opinion. Dr. Parlatore never treated Mr. Bray and has no "treatment notes" to support his opinion. Mr. Bray was seen by other medical providers but their records focus almost exclusively on his physical problems. In places, the medical record indicates Mr. Bray was screened as "negative" for depressive symptoms, *e.g.* Tr. 359, 362, 366, 369; in other places, the record notes Mr. Bray has depression, *e.g.* Tr. 674 or moderate depression. Tr. 665. But the medical record does not contain any opinions that support Dr. Parlatore's opinion that Mr. Bray cannot perform activities within a schedule or maintain regular attendance.

Similarly, Mr. Bray's testimony does not support Dr. Parlatore's opinion. Mr. Bray wrote the ALJ a letter stating "I am filing for disability mostly because of the chronic pain which I must deal with on a daily basis in my knees back and elbow and left hip." Tr. 335. At the hearing conducted by the ALJ, Mr. Bray gave the following testimony:

| | | |
|---|---|---|
| ALJ: | | "Are you on any mental health medications?" |
| Mr. Bray: | | "Just the antidepressant stuff I told you about." |
| ALJ: | | "Does that seem to work for you?" |
| Mr. Bray: | | "Yeah." |

Tr. 71. In short, Mr. Bray's testimony does not support Dr. Parlatore's opinion.

The ALJ next rejected Dr. Parlatore's opinion that Mr. Bray's "social interaction and adaptation are markedly affected by his physical symptoms," on the grounds the conclusion "which is based on the claimant's physical problems, is outside the scope of Dr. Parlatore's expertise and examination." Tr. 33. The ALJ erred. Dr. Parlatore made the following finding:

> When asked about psychiatric issues, [Mr. Bray] says "I've been
> struggling with depression, it's because I'm dealing with all of this,
> all of these medical problems, I can hardly support my daughter."
> Understandably and predictably he has a "Reactive Situational
> Depression."

Tr. 538. Mr. Bray's current psychiatric issues thus are secondary to his medical condition. Because his physical and mental problems are intertwined, his limitations flow from their combined impact, and are therefore within the scope of the doctor's examination, and within the doctor's expertise as a medical doctor. The ALJ accordingly erred as matter of law, in rejecting Dr. Parlatore's opinion as outside the scope of his expertise or examination. *See Farris v. Barnhart*, 147 Fed. Appx. 638, 639 (9th Cir. 2005) (ALJ erred in rejecting psychologist's opinion based upon the combined impact of back pain and mental impairment which the ALJ found was outside the doctor's expertise.)

And finally, the ALJ rejected Dr. Parlatore's opinion that Mr. Bray cannot communicate effectively in a work setting and cannot maintain appropriate behavior to a marked degree, on the grounds Dr. Parlatore's findings do not establish limitations of this severity. Tr. 33. As discussed above, the findings Dr. Parlatore made—Mr. Bray had problems ambulating, was short of breath, mood with worry and sadness and constrictive affect—do not without more establish Mr. Bray cannot communicate or maintain appropriate behavior. Other evidence, such as other medical records and Mr. Bray's testimony also do not support the limitation. The Court thus cannot say the ALJ unreasonably rejected this limitation as conclusory and unsupported by the doctor's findings.

In sum, Dr. Parlatore opined Mr. Bray had three different mental or psychological limitations. The ALJ reasonably rejected two of the limitations as unsupported by the doctor's findings. Further other evidence of record does not support the two limitations. However, the

ALJ erred in rejecting Dr. Parlatore's opinion that "social interaction and adaptation are markedly affected by his physical symptoms," as outside the scope of Dr. Parlatore's expertise and examination. The error was harmful because the ALJ did not account for this limitation in determining Mr. Bray's residual functional capacity, and did not include the limitation in the hypothetical questions posed to the vocational expert.

## CONCLUSION

The Court **REVERSES** the Commissioner's final decision and **REMANDS** this case is for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reassess Dr. Parlatore's opinions, develop the record and reassess Mr. Bray's residual functional capacity as needed, and proceed to steps four and five as appropriate.

DATED this 22nd day of January, 2018.

BRIAN A. TSUCHIDA
United States Magistrate Judge